IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ERIC DEMETRIUS EVANS, ) | |
| AIS #249159, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:07-CV-100-WHA |
| ) | [WO] |
| ) | |
| RALPH PERKINS, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  Introduction**

In this 42 U.S.C. § 1983 action, Eric Demetrius Evans ["Evans"], a state inmate, complains of an injury he suffered while working at the Elmore Correctional Center and questions the constitutionality of his confinement at the aforementioned facility.  Evans also challenges his classification level, the failure to place him on work release and lack of access to rehabilitative programs.  He names Ralph Perkins, laundry supervisor at the Elmore Correctional Center, Willie Thomas, the warden of such facility, Richard Allen, commissioner of the Alabama Department of Corrections, and Paul Whaley, the director of classification for the state prison system, as defendants in this cause of action.  Evans seeks declaratory relief and monetary damages for the alleged violations of his constitutional rights

Upon review of the complaint, the court concludes that  the plaintiff's claims against

defendants Thomas and Allen and the constitutional challenges relative to his classification level, facility assignment, placement in work release and access to rehabilitation programs be dismissed with prejudice prior to service of process upon application of the provisions set forth in 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

## II. DISCUSSION

### A. Respondeat Superior

Evans asserts that defendants Thomas and Allen are "liable pursuant to respondeat superior." *Plaintiff's Complaint* at 3. The law is well settled that a defendant cannot be held liable in an action brought pursuant to 42 U.S.C. § 1983 under the theory of respondeat superior or on the basis of vicarious liability. *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690-92, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978); *Harris v. Ostrout*, 65 F.3d 912, 917 (11th Cir. 1995); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994); *LaMarca v. Turner,* 995 F.2d 1526, 1538 (11th Cir.1993), *cert. denied,* 510 U.S. 1164, 114 S.Ct. 1189, 127 L.Ed.2d 539 (1994). In light of the foregoing, the court concludes that the plaintiff's claims against defendants Thomas and Allen lack an arguable basis in law and are therefore subject to summary dismissal in accordance with the directives of 28 U.S.C. §

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's claims prior to service of process if it determines that the complaint contains claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

1915(e)(2)(B)(i).  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

## B. Classification

To the extent Evans complains his classification level is improper due to the defendants failure to follow the procedure outlined in administrative regulations, he is entitled to no relief.  An inmate confined in the Alabama prison system has no constitutionally protected interest in the procedure affecting his classification level because the resulting restraint, without more, does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  Because Evans has no constitutionally protected interest in the level of his custody classification, correctional officials may assign him to any classification level without implicating the protections of due process.  Thus, the classification decision about which Evans complains is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).

## C. Confinement at Elmore Correctional Center

Evans asserts that correctional officials denied him a transfer to the Alexander City Community Based Facility and, instead, placed him at the Elmore Correctional Center in violation of his due process rights.  A convicted prisoner has no constitutionally protected right to confinement in a particular penal facility.  *Meachum v. Fano*, 427 U.S. 215, 224 (1976).  Thus, an inmate may be confined in any correctional facility without implicating the

---

[2] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

prisoner's constitutional rights. *Id.*; *see also Montanye v. Haymes*, 427 U.S. 236, 242 (1976). Although the plaintiff's confinement at the Elmore Correctional Center may entail "more burdensome conditions" than that of a community based facility such confinement is "'within the normal limits or range of custody which the conviction has authorized the State to impose.' *[Meachum,* 427 U.S. at 225]; *see also Montanye v. Haymes,* 427 U.S. 236, 242, 96 S.Ct. 2543, 2547, 49 L.Ed.2d 466 (1976)." *Sandin*, 515 U.S. at 478. Consequently, the failure to transfer Evans to a correctional facility of his choosing does not rise to the level of a constitutional violation and such claim therefore provides no basis for relief in this 42 U.S.C. § 1983 action.

### D.  Work Release

Evans complains that the defendants have failed to place him in work release status. This claim, however, likewise entitles Evans to no relief from this court. The law is well settled that an inmate in the Alabama prison system has no state created liberty interest which entitles him to work release, *Francis v. Fox*, 838 F.2d 1147, 1149 (11th Cir. 1988), nor does the Due Process Clause itself create a constitutionally protected interest in work release. *Kitchen v. Upshaw*, 286 F.3d 179, 188 (4th Cir. 2002) (inmate denied permission to participate in work release has no constitutionally protected interest in work release because "it is clear that being denied permission to leave jail in order to work is nothing more than an ordinary experience of inmates."); *Asquith v. Department of Corrections*, 186 F.3d 407, 412 (3rd Cir. 1999) ("Since an inmate is normally incarcerated in prison, [the failure to place

4

the inmate on work release] did not impose atypical and significant hardship on him in relation to the ordinary incidents of prison life and, therefore, did not deprive him of a protected liberty interest."); *Codd v. Brown*, 949 F.2d, 879 (6th Cir. 1991) (prisoners have no inherent due process interest in work release); *see also Dominique v. Weld*, 73 F.3d 1156, 1160 (1st Cir. 1996) (inmate summarily removed from work-release program for various penological reasons and transferred to a medium security prison after having successfully participated in work release for four years did not possess protected liberty interest in remaining in work release because confinement within the prison walls of medium security prison constituted "an 'ordinary incident of prison life.' It is not 'atypical.'"); *Callender v. Sioux City Residential Treatment Facility*, 88 F.3d 666, 669 (8th Cir. 1996) (return of an inmate to prison after revocation of his work release status imposed neither an atypical nor significant deprivation under *Sandin* because prison is "not atypical of what inmates have to endure in daily prison life.").

Based on the foregoing, the court concludes that the plaintiff's assertion of a right to participation in the work release program is indisputably meritless and subject to summary dismissal under the directives of 28 U.S.C. § 1915(e)(2)(B)(i) as Evans alleges "infringement of a legal interest which clearly does not exist." *Neitzke*, 490 U.S. at 327.

### E.  Rehabilitative Programs

Evans contends that the defendants are violating his constitutional rights because he is not provided access to rehabilitative programs. An inmate has no constitutionally

5

protected interest in access to rehabilitative programs as the failure to secure treatment in such programs does not impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. Thus, Evans again asserts infringement of a non-existent legal interest and this claim is therefore due to be dismissed as frivolous pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke*, *supra*.

### F.  Eighth Amendment Claims

Evans maintains that his unfavorable classification status and confinement at a correctional center rather than a community based facility subjects him to cruel and unusual punishment. These claims are without merit. The Eighth Amendment proscribes those conditions of confinement which involve the wanton and unnecessary infliction of pain. *Rhodes v. Chapman*, 452 U.S. 337 (1981). Only actions which deny inmates "the minimal civilized measure of life's necessities" are grave enough to violate the Eighth Amendment. *Id.* at 347; *see also Wilson v. Seiter*, 501 U.S. 294 (1991). Neither classification of an inmate in a higher custody level nor his confinement in a more secure correctional facility alleges a sufficiently grave deprivation so as to rise to the level of cruel and unusual punishment. Consequently, the aforementioned Eighth Amendment claims are due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims with respect to his classification level, confinement at the

6

Elmore Correctional Center, work release placement and access to rehabilitative programs be dismissed with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)

2. The plaintiff's claims against Willie Thomas, Richard Allen and Paul Whaley be summarily dismissed with under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

3. Willie Thomas, Richard Allen and Paul Whaley be dismissed as defendants in this cause of action.

4. This case, with respect to the plaintiff's claim against defendant Perkins for his alleged failure to provide a safe work environment, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before February 19, 2007 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 6th day of February, 2007.


        /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE