IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ERIC DEMETRIUS EVANS,
AIS #249159,
    Plaintiff,

V.

RALPH PERKINS, et al.,
    Defendants.

CIVIL ACTION NO. 2:07-CV-100-WHA
[WO]

## PLAINTIFF'S OBJECTION TO THE MAGISTRATE'S JUDGE ORDER OF RECOMMENDATION ISSUED FEBRUARY 6, 2007

Comes now the Petitioner/Plaintiff Eric Demetrius Evans, by and through Pro-se in the above Style Civil Action respectfully move this United States District Court on Plaintiff Objection to the Magistrate Judge's order and Recommendation issued February 6, 2007, and in support of Plaintiff objection the Plaintiff will show the following:

The Magistrate Judge avers that the Plaintiff claims against defendants Thomas and Allen and Whaley for the Constitutional challenges relative to Plaintiff's Classification level, facility assignment, placement in work release and access to rehabilitation programs be dismissed with prejudice prior to service of process upon application of the provisions set forth in 28 U.S.C. § 1915 (e)(2)(B)(i) and (ii).

(1)

The Plaintiff Object's to the Magistrate's recommendation for failing to properly access the Plaintiff claims against Defendants Thomas, Allen and Whaley to this United States District Court; Therefore, the Magistrate's averment is in fact a bare-bone allegation without merit, and is a misrepresentation of Plaintiff's claims against Defendants Thomas, Allen and Whaley. Plaintiff in clarifying his claims against Defendants Thomas, Allen and Whaley Plaintiff makes known that his claims against Defendants Thomas, Allen and Whaley acting under color of State law is implementing conditions in Alabama prisons that constitute's Cruel and Unusual Punishment in violation of the Plaintiff's Eighth and Fourteenth Amendments as Alabama prison officials has done in the past for which this United States District Court of Alabama agreed, and issued an order proscribing measures designed to eradicate Cruel and Unusual Punishment in the System. See (406 F. Supp. 318) (559 F.2d 283), 559 F.2d 283 (1977), Williams V. Edwards, 547 F.2d, at 125, and See Alabama V. Pugh, 328 US 781, 57 LEd. 2d 1114, 98 S Ct 3057 also see Newman V. State of Alabama, 559 F.2d 283 (1977).


## STATEMENT OF THE CASE


On or about January 2007, Plaintiff Filed a 42 U.S.C.S. § 1983 Civil Action Complaint into this U.S. District Court for the Middle District of Alabama for Alabama Prison officials Defendants Thomas, Allen and Whaley acting in concert to use Elmore Correctional Center as a Cathhall Camp for the Alabama Department of Corrections to disinfranchise eligible Plaintiff and other minimum Custody inmates from their proper minimum Custody Status of work release Caused by overcrowding that deprives Plaintiff in the Alabama Department of Corrections of Meaningful Classification

and opportunity to advance in the Alabama Department of Corrections as required pursuant by the Classification manual for the Alabama Department of Corrections which is unlawfully deprived due to the ripple effects of overcrowding in Violation of Plaintiff's Eighth and Fourteenth Amendment of the United States Constitution.

<u>REASONS FOR SUSTAINING PLAINTIFF'S OBJECTION AND THE MAGISTRATE JUDGE'S RECOMMENDATION NOT BE ADOPTED</u>

Plaintiff argue in good faith that the Magistrate's Recommendation issued February 6, 2006 is not due to be adopted for it's well established by this District Court, the 5th circuit and the Supreme Court of the United States in <u>Alabama v. Pugh</u>, 328 US 781, 57 Led. 2d 1114, 98 S Ct 3057, (559 F.2d 283) and <u>Newman v. State of Alabama</u>, 559 F.2d 283 (1977). In proper cases a Federal Court can, and must compel state officials or employees to perform their official duties in compliance with the United States Constitution. Plaintiff contend that he has a guranteed constitutional right to be free from these Cruel and Unusual Conditions of Alabama Department of Corrections aggra-vated Conditions that deprives the Plaintiff of a safe living enviorment, meaningful opportunity to advance to meaningful rehabilitative Classi-fication to advance upon Plaintiff positive progress reviews instead of denied Equal opportunity, protection and fundamental fairness guaranteed by the Fourteenth Amendment of the United States Constitution Free of the defendants deliberate indifference under the Cruel and Unusual Punishment Conditions Caused from the ripple effects of overcrowding in the Alabama Department of Corrections. See <u>Alabama v. Pugh</u>, 328 US 781, 57 Led.2d 1114, 98 S.Ct. 3057, and (559 F.2d 283).

The Plaintiff further argue that the defendants all function under Color of State pursuant to Alabama Code 1975 §§ 14-3-1, 14-3-13 who have the duties to superintend the management of Plaintiff, Convicts and all subordinate officials, persons or guards. It is the defendants duties to see that the laws in relations to Plaintiff and other Convicts and rules of the ALDOC policies are enforced even Classification; and its orders shall be obeyed by all officers, persons, guards and Convicts, and the general over - sight of all the officials, persons, guards and Convicts and of the several prisons and all matters relating to Convicts. A report of the Conditions of the Convicts and of the work done by each official, person, guards and Convicts. See (Code 1886, §§ 4557, 4573; Code 1896, §§ 4432, 4439; Code 1907, §§ 6480, 6491; Acts 1923, No. 475, p. 629; Code 1923, §§ 3585, 3591; Code 1940, T. 45, §11, 14.). The defendants all are Supervisors with subordinates and is liable for their Knowingly acquiesced to their subordinates behavior because individual officials, and persons act rises to a level of "policy" for purposes of §1983. See _Fundiller V. City of Cooper City_, 777 F. 2d 1436, 1442-43 (11th Cir. 1985), and _Parker V. District of Columbia_, 850 F. 2d 708, 712-13 (D.C. Cir. 1988).

To bring an end to present Violation of Federal law is not barred by the Eleventh Amendment even though accompanied by a substantial ancillary effect on a state's treasury. See _Papasan V. Allain_, 478 U.S. 265, 278 (1986). Plaintiff finally Contend that the defendants are liable.

Plaintiff finally argue that the Magistrate's recommendation issued on February 6, 2007, to dismiss Plaintiff's claims against Defendants Thomas, Allen and Whaley with prejudice prior to service of process upon application of the provisions set forth in 28 U.S.C.S. § 1915 (e)(2)(B)(i) and (ii) is an abuse of discretion coupled with a lack of jurisdiction for the Magistrate to exercise authority without parties consent as required by Rule 73. (a) Federal Rules Civil Procedure and 28 USC.S. § 636 (c). See McCabe, the Federal Magistrate Act of 1979, 16 Harv. J. Legis, 343, 364-79 (1979). 28 USCS § 636 (c)(1) Notwithstanding any provision of law to Contrary - Upon consent of the parties a Magistrate may exercise jurisdiction. Plaintiff never recieved a form 34 as required to give the U.S. Magistrate jurisdiction as an adjunct to the functional equialent of an Article III Judge. Further the Magistrate's recommendation based on 28 USC.S. § 1915 (e) is that of 28 U.S.C.S. § 1915 (g) that violates Plaintiff's Equal Protection Clause by treating differently prisoners Civil actions with prior dismissal to service of process on basis as frivolous or malicious or failed to state a claim depending on whether proceeding in forma pauperis, in the statutes Created Substantial burden on affected Plaintiff an inmate with fundamental right of access to the Courts, and Statute must not be tailored to achieve Government's purported interest in deterring a claim that is in fact Undisputed and is not frivolous, see Neitzke v. Williams, (1989, U.S.) 104 LEd. 2d 338, 109 Sct 1827.

## Conclusion

WHEREFORE, in light of all the above the Magistrate Recommendation must not be adopted, and an order issued to serve the defendant herein.

DATE: 2-12-07                    Respectfully submitted: Eris D. Evans

(5)

## VERIFICATION

I hereby Verify under penalty of perjury on this 12th day of February 2007, that the information Contained herein is true and Correct to the best of My knowledge and Belief.

Eric Demetrius Evans

## CERTIFICATE OF SERVICE

I hereby Certify this 12th day of February 2007, that I have served a true and Correct Copy of the Same upon the defendants by %o their Attorney by U.S. mail postage prepaid.

Eric Demetrius Evans

(6)



MONTGOMERY AL 361

12 FEB 2007 PM 2 L

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P. O. BOX 711
MONTGOMERY, ALABAMA 36101-0711

36101+0711

ERIC D. EVANS
#249159-151-96A
ELMORE CORR, CENTER
P. O. BOX 8
ELMORE, AL 36025