IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ERIC DEMETRIUS EVANS, #249159, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 2:07cv100-WHA |
| | ) |
| RALPH PERKINS, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #5), entered on February 6, 2007, together with Plaintiff's Objection (Doc. #7), filed on February 13, 2007. The Magistrate Judge recommended that all claims and Defendants, other than Plaintiff's claim against Defendant Ralph Perkins for his alleged failure to provide a safe work environment, be dismissed. The court has conducted an independent and *de novo* review of this matter and has determined the objections to be without merit.

In his objection, Evans argues that the Magistrate Judge improperly recommended dismissal of the various claims because the combination of the adverse actions resulted in cruel and unusual punishment. The Magistrate Judge addressed this claim and deemed it without merit. The court agrees.

The Plaintiff further argues that the Magistrate Judge "exercise[d] authority without [the] parties consent as required by" the Federal Rules of Civil Procedure and 28 U.S.C. § 636(c)(1). *Objection* at 5. This assertion entitles the Plaintiff to no relief as the action undertaken by the

Magistrate Judge with respect to entry of a Recommendation to the court is not violative of either the civil rules or statutory authority.

Finally, the Plaintiff's equal protection objection to the court's utilization of 28 U.S.C. § 1915(e)(2)(B) as the basis for dismissal of his claims is wholly without merit (Such dismissal "is that of 28 U.S.C. § 1915(g) that violates plaintiff's Equal Protection Clause by treating differently prisoners civil actions ... depending on whether proceeding in forma pauperis ..." *Objection* at 5). The Eleventh Circuit has held that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate ... the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment" because indigent inmates are not a suspect or quasi-suspect class. *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (abrogated on other grounds). Additionally, the Eleventh Circuit likewise held that "section 1915(e)(2)(B)(ii) is rationally related to the government's legitimate interests in deterring meritless claims and conserving judicial resources and, therefore, does not violate the Equal Protection Clause." *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001); *Farese v. Scherer*, 342 F.3d 1223, 1227 (11th Cir. 2003) (28 U.S.C.A. § 1915(e)(2)(B)(ii) does not violate in forma pauperis litigant's equal protection and due process rights in allowing courts to dismiss IFP cases sua sponte based on failure to state claim, while giving identical complaints filed by fee-paying plaintiffs the benefits of adversary proceeding). 28 U.S.C. § 1915(e)(2)(B)(i) is equally "rationally related to the government's legitimate interests in deterring meritless claims and conserving judicial resources" and likewise does not violate the due process or equal protection rights of indigent inmates. *Vanderberg*, *supra*.

2

Having found all objections to be without merit, the Objections are hereby overruled. The court adopts the Recommendation of the Magistrate Judge, and it is hereby ORDERED as follows:

1. Plaintiff's claims with respect to his classification level, confinement at the Elmore Correctional Center, work release placement and access to rehabilitative programs are DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

2. The Plaintiff's claims against Willie Thomas, Richard Allen and Paul Whaley are summarily DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

3. Willie Thomas, Richard Allen, and Paul Whaley are DISMISSED as Defendants in this action.

4. This case, with respect to the Plaintiff's claim against Defendant Ralph Perkins for his alleged failure to provide a safe work environment, is referred back to the Magistrate Judge for appropriate proceedings.

DONE this 27th day of February, 2007.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE