UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
THE NORTHERN DIVISION

| | |
|---|---|
| ERIC DEMETRIUS EVANS )<br>#249159 )<br>          )<br>     Plaintiff, )<br>          )<br>VS. )<br>          )<br>RALPH PERKINS )<br>          )<br>     Defendant. ) | CASE NO.: 2:07-cv-100-WHA |

## ANSWER OF DEFENDANT

COMES NOW the Defendant, Ralph Perkins (hereinafter also referred to as "Perkins"), in the above-styled cause and, through undersigned counsel, responds to the respective paragraphs relating to Ralph Perkins in the Plaintiff's Complaint as follows:

## FIRST DEFENSE

The paragraphs below correspond to the paragraphs of the Complaint relating to allegations against Ralph Perkins. Unless specifically admitted herein, all allegations set forth by the Plaintiff are denied.

II.

- Admitted that Elmore Correctional Facility in Elmore, Alabama is the place of Plaintiff's present confinement.

- Admitted that Elmore Correctional Facility in Elmore, Alabama is the place where the incident made the basis of this Complaint occurred.

### III.

- Defendant Ralph Perkins denies any allegations by the Plaintiff that he violated the Plaintiff's constitutional rights and demands strict proof thereof.

- The Plaintiff's claims against the other former Defendants, namely Willie Thomas, Richard Allen and Paul Whatley listed herein, were summarily dismissed under 28 USC Section 1915(e)(2)(B)(i)and (ii) by the Court's Order dated February 27, 2007.

### IV.

- Defendant denies that any constitutional violation or any other violation occurred on January 25, 2007 as alleged by the Plaintiff and demands strict proof thereof.

### V.

#### Ground One

- Defendant denies the allegations made against him set forth herein and demands strict proof thereof.

- Defendant denies any allegations by the Plaintiff that he violated the Plaintiff's rights under the Eighth and Fourteenth Amendment to the United States Constitution by allegedly

acting in concert to wrongfully injure him and demands strict proof thereof.

- There is not sufficient information at this time to admit or deny the Plaintiff's allegation regarding his attending work at his assigned institutional job at the Elmore Correctional Facility laundry and the Defendant therefore denies the same and demands strict proof thereof.

- Defendant denies the Plaintiff's allegations that around 1:00 p.m., a concrete block wall fell on him and demands strict proof thereof.

- Defendant denies the Plaintiff's allegation that he, the Plaintiff, fractured both his arms and back and demands strict proof thereof.

- Defendant denies the Plaintiff's allegation that the Plaintiff had warned him about this wall and demands strict proof thereof.

- Defendant denies the Plaintiff's allegations that the Plaintiff had warned him several times about what the Plaintiff has described as a trap and demands strict proof thereof.

- Defendant denies the Plaintiff's allegations against him of reckless neglect and demands strict proof thereof.

- If the Plaintiff is alleging that Defendant Ralph Perkins is liable based on any kind of Respondeat Superior liability, he denies the same and demands strict proof thereof.

Ground Two

- Defendant denies any allegations by the Plaintiff of acting with deliberate indifference towards him and demands strict proof thereof.

- Defendant denies the Plaintiff's allegations that the Plaintiff was allegedly made the victim because of his alleged deliberate indifference and demands strict proof thereof.

- Defendant again denies that the Plaintiff's Eighth and Fourteenth Amendment rights to the U.S. Constitution were violated as alleged and demands strict proof thereof.

- By Order dated February 27, 2007, the Court has dismissed with prejudice any allegations: of failure to follow the standard operation procedure found in ADOC's classification manual with respect to the Plaintiff; regarding any alleged recommendations to send the Plaintiff to ADOC's Alex City Community Based Facility; that the Plaintiff was wrongfully placed at Elmore Correctional Facility or Elmore Correctional Facilities laundry, and it is therefore unnecessary for the Defendant to respond to the same.

- Defendant denies any allegations by the Plaintiff that he was wrongfully injured as alleged and demands strict proof thereof.

- By Order dated February 27, 2007, the Court has dismissed with prejudice any allegations by the Plaintiff: that the Elmore Correctional Facility has allegedly been used as a catch-all camp to purportedly disenfranchise eligible minimum custody inmates; of an alleged practice to purportedly disenfranchise eligible minimum custody inmates; that the Plaintiff may have been denied meaningful rehabilitative programs, and it is therefore unnecessary for the Defendant to respond to the same.

- Defendant denies any allegations by the Plaintiff that he allegedly acted in concert to wrongfully injure the Plaintiff in any way and demands strict proof thereof.

VI.

- Defendant denies that Plaintiff is entitled to the monetary relief requested or any other relief.

- To the extent the Plaintiff is asserting a negligence claim against this Defendant, this Defendant denies the same and demands strict proof thereof.

5

- To the extent the Plaintiff is asserting a claim of cruel and unusual punishment against this Defendant, this Defendant denies the same and demands strict proof thereof.
- To the extent the Plaintiff is asserting a claim of deliberate indifference to serious medical needs against this Defendant, this Defendant denies the same and demands strict proof thereof.

## SECOND DEFENSE

The Complaint and facts alleged therein by the Plaintiff are insufficient to rise to the level of any constitutional violation.

## THIRD DEFENSE

Defendant Ralph Perkins denies violating the Plaintiff's constitutional rights in his official capacity or otherwise.

## FOURTH DEFENSE

Defendant Ralph Perkins asserts that he is entitled to absolute and qualified immunity in regard to the Plaintiff's constitutional claims.

## FIFTH DEFENSE

Defendant Ralph Perkins is absolutely immune from suit for monetary damages or equitable relief under the Eleventh Amendment to the Constitution.

### SIXTH DEFENSE

Defendant Ralph Perkins is immune from liability in regard to the Plaintiff's Complaint based on state-agent immunity or discretionary function immunity.

### SEVENTH DEFENSE

Defendant Ralph Perkins denies that the Plaintiff is entitled to damages or any other relief requested.

### EIGHTH DEFENSE

Defendant Ralph Perkins is not guilty of the things and matters alleged in the Complaint.

### NINTH DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### TENTH DEFENSE

Defendant Ralph Perkins has qualified immunity from the Plaintiff's §1983 claims in this action.

### ELEVENTH DEFENSE

Some or all the Plaintiff's claims are barred to the extent that the Plaintiff failed to comply with any administrative prerequisites to filing suit or has failed to exhaust any administrative remedies.

### TWELFTH EFENSE

The Defendant asserts the defense of Contributory Negligence.

## THIRTEENTH DEFENSE

The Plaintiff's claims are barred to the extent they are untimely.

## FOURTEENTH DEFENSE

The Plaintiff's claims are barred by the applicable statute of limitations and/or laches.

## FIFTEENTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, judicial estoppel, collateral estoppel, res judicata, and /or ratification.

## SIXTEENTH DEFENSE

The Plaintiff failed to mitigate his damages, if any.

## SEVENTEENTH DEFENSE

Any award of punitive damages in this case against the Defendant Ralph Perkins would violate his constitutional rights under the United States and Alabama Constitutions.

## EIGHTEENTH DEFENSE

The Plaintiff is not entitled to punitive damages because Defendant Ralph Perkins did not engage in any conduct with malice or reckless indifference to the Plaintiff's federally protected rights.

## NINETEENTH DEFENSE

The Defendant asserts the defense of Assumption of Risk.

## TWENTIETH DEFENSE

The Defendant pleads the general issue.

### TWENTY-FIRST DEFENSE

If the Plaintiff is asserting any state law claims for relief, the Defendant Ralph Perkins asserts absolute immunity under the Eleventh Amendment and under the Sovereign Immunity provision of the Alabama Constitution.

### TWENTY-SECOND DEFENSE

The Defendant, Ralph Perkins, is entitled to immunity from any alleged state law claims for mandamus, injunctive relief or any other relief under the Sovereign Immunity provision of the Alabama Constitution.

### TWENTY-THIRD DEFENSE

The Defendant, Ralph Perkins, denies each and every allegation asserted against him in the Complaint.

### TWENTY-FOURTH DEFENSE

Plaintiff was acting outside the scope of his assigned duties.

Defendant reserves the right to amend his Answer.

Respectfully submitted on this 19th day of March, 2007.

   /s/ MARY GOLDTHWAITE
Assistant Attorney General
Counsel for the Defendant

OF COUNSEL:

OFFICE OF THE ATTORNEY GENERAL
11 South Union Street
Montgomery, AL  36130
(334) 353-9189
(334) 242-2433 (fax)

CERTIFICATE OF SERVICE

    I hereby certify that I have, this 19th day of March, 2007, served a copy of the Answer on the following pro se inmate by placing the same in the United States mail, postage prepaid, and properly addressed as follows:

    Eric Demetrius Evans, #249159
    Elmore Correctional Facility
    PO Box 8
    Elmore, AL  36025

                         /s/ MARY GOLDTHWAITE
                         OF COUNSEL