IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

IN RE: ERIC DEMETRIUS EVANS,
AIS #249159,

    Plaintiff,

V.

RALPH PERKINS, et al.,

    Defendants.

CIVIL ACTION NO. 2:07-CV-100-WHA
[WO]

ON PETITION FOR WRIT OF MANDAMUS TO BE DIRECTED TO UNITED STATES MAGISTRATE JUDGE CHARLES S. COODY FOR THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION, CASE NO. 2:07-CV-100-WHA

PETITION FOR WRIT OF MANDAMUS

QUESTION PRESENTED

WHETHER A MANDAMUS WILL ISSUE WHERE A PRISONER IS PROHIBITED Fr

(1)

ON BRINGING INTERROGATORIES OR AMENDED COMPLAINT PRIOR TO A CIVIL JUDGMENT IN A CIVIL ACTION PURSUANT TO THE FEDERAL RULES CIVIL PROCEDURE?

## LIST OF PARTIES

RALPH PERKINS, et al.

### PARTIES DO NOT APPEAR IN THE CAPTION OF THE CASE

CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

TROY KING
ATTORNEY GENERAL OF ALABAMA

IN THE UNITED STATES DISTRICT FOR THE MIDDLE DISTRICT OF ALABAMA
PETITION FOR WRIT OF MANDAMUS TO BE DIRECTED TO CHARLES S. COODY UNITED STATES MAGISTRATE JUDGE

Petitioner respectfully prays that petition for Writ of Mandamus issue for relief from the orders below.

The Orders of the United States Magistrat Judge March 23, 2007 denying Plaintiff/Petitioner's Motion for Interrogatories and Amended Complaint, which is Unpublished.

(2)

## JURISDICTION

The dates on which the Magistrate Judge issued its Orders was March 23, 2007. This Mandamus by Plaintiff/Petitioner is timely filed pursuant to Rule 21 Federal Rules Appellate Procedure, and is invoked under the All Writs Act (28 USCS § 1651(a)).

## CONSTITUTIONAL AND STATUTORY PROVISION

FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

28 U.S.C § 1651(a)

28 U.S.C. § 1915

42 U.S.C. § 1983

## STATEMENT OF THE CASE

On or about January 2007, Plaintiff/Petitioner filed a 42 U.S.C. § 1983 Civil Complaint into the United States District Court, Middle District of Alabama. Petitioner claim that Defendants Thomas, Allen, Whaley and Perkins deliberately indifferenced him causing Plaintiff wrongful injury in an overcrowed lack of security health hazard enviroment at Elmore Correctional Center for the Alabama Department of Corrections in violations of the Eighth and Fourteenth Amendments of the United States Constitution, and Plaintiff was granted to proceed in forma pauperis and a show cause order was issued. On or about March 22, 2007, Plaintiff filed interrogatories and an Amended Complaint

(3)

For Retaliation and denial of meaningful Medical Attention that arrived from Plaintiff seeking access to the Court in this Civil Action by the defendants herein Plaintiff original Complaint that was Coupled with Motions for leave to file interrogatories and Amended Complaint pursuant to the Federal Rules Civil Procedure. On March 23, 2007, the Magistrate Judge denied both Motions for interrogatories and Amended Complaint, this Mandamus follows.

### REASONS FOR GRANTING THE PETITION

The nature of the Underlying action determines Whether the complied with requirements of the prison Litigation Reform Act (PLRA) Coupled with this district Court granting Plaintiff leave to proceed with his Civil Action under the pretrial Partial Filing Fee Gives Plaintiff an equal protected right to the laws and Rules governing Plaintiff 42 U.S.C. § 1983 Coupled with the Federal Rules Civil Procedure. The Mandamus remedy is an extraordinary one, granted only in the clearest and most compelling cases in which the party seeking mandamus shows the requested relief and the issuance of the writ is clear and undisputablable. In Re Jacobs, 213 F.3d 289 (5th Cir. 2000). Petitioner Contend that pursuant to Federal Rules Civil Procedure Plaintiff have an equal protected right to submit interrogatories and to file an amended complaint prior to a Civil Judgment in this Civil Action, the U.S. Magistrate Judge Charles S. Coody orders of denial issued on March 23, 2007, was an abuse of discretion in direct violation of the Plaintiff's First and Fourteenth Amendments governing access to the

(4)

Court and Equal Protection to the Laws. Plaintiff/Petitioner further argue that the Magistrate Judge's actions toward Plaintiff was partiality and caused Plaintiff/Petitioner to be prejudice by lost of very relevant information needed to prove Plaintiff case against the defendants and to remain in retaliation status by the defendants coupled with denial of serious needed medical attention. This is imminent danger to the Plaintiff as well.

## CONCLUSION

WHEREFORE, Premises considered, this District Court should grant Mandamus, directing the Magistrate Judge to grant the commencement of Plaintiff/Petitioner's interrogatories and goodfaith timely filed Amended Complaint under the provisions of the Federal Rules Civil Procedure, et al., and 28 U.S.C. § 1915, et al.

Respectfully Submitted,
Eric D. Evans    Pro'se-Petitioner

## CERTIFICATE OF SERVICE

I hereby certify this 29th day of March 2007, that I have served a true and correct copy of the foregoing Petition for Writ of Mandamus upon District Court Clerk, U.S. Magistrate Judge Charles S. Coody and the Attorney for defendants, by placing same in U.S. Postal Service at Elmore Correctional Center postage prepaid.

By: Eric D. Evans
Eric D. Evans, Plaintiff/Petitioner
Pro'se

(5)

Demetrius Evans
#204159-B1-46A
Elmore Corr. Center
P.O. Box 8
Elmore, AL 36025

Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, Alabama 36101-0711



MONTGOMERY AL 361
30 MAR 2007 PM 3 L