# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

ERIC DEMETRIUS EVANS       )
                                      )
      Plaintiff(s),         )
                                        )
v.                                 )
                                      )     **2:07-CV-100-WHA**
RALPH PERKINS, ET AL.      )
                                      )
      Defendant(s).      )
                                      )
                                      )

## SPECIAL REPORT

COMES NOW the Defendant, **Ralph Perkins,** by and through undersigned counsel, and in accordance with this Honorable Court's February 27, 2007 Order, offers the following written report.

## PARTIES[1]

    1.  The Plaintiff,  Eric Demetrious Evans, #249159

    2.  The Defendant, Ralph Perkins

## EXHIBIT

In accordance with this Court's Order, the Defendant submits the following exhibit:

    1.      EXHIBIT A – Affidavit of Ralph Perkins (with attachment).

---

[1]   The Plaintiff initially named Willie Thomas, Richard Allen and Paul Whaley in addition to Ralph Perkins as Defendants in this action. On or about February 27, 2007 the Court summarily dismissed the Plaintiff's claims against Thomas, Allen and Whaley under 28 U.S.C. Section 1915(e)(2)(B)(i)and (ii)and further dismissed these three (3) as Defendants in this action.

## PLAINTIFF'S CLAIMS[2]

The Plaintiff's sole remaining claim against the only remaining Defendant, Ralph Perkins, arises under the Eighth Amendment for his "wrongful injury" purportedly caused by Perkins' alleged failure to provide a safe work environment.

## DEFENDANT'S RESPONSE

The Defendant incorporates herein his Answer filed on March 19, 2007, as if more fully set forth herein and further responds to the Plaintiff's Complaint as follows:

1.    The Defendant denies that he has violated the Plaintiff's constitutional rights.

2.    The Defendant denies each and every material allegation not specifically admitted herein and demand strict proof thereof.

3.    The Plaintiff has failed to state a claim upon which relief may be granted.

4.    The Defendant is immune from suit under the Eleventh Amendment to the United States Constitution.

5.    The Defendant is immune from suit due to qualified immunity.

## STATEMENT OF FACTS

The Plaintiff claims that a concrete block wall fell on him while he was working at his assigned institutional job in the Elmore Correctional Facility laundry on January 25, 2007.  According to the Plaintiff, this incident, which he says occurred around 1:00 pm that day, caused him to fracture both his arms and back. The Plaintiff further insists Defendant Perkins was warned several times about this wall which the Plaintiff describes as a "trap for inmates."   Defendant Perkins denies and takes issue with the Plaintiff's

_____

[2]    On or about February 27, 2007, the Plaintiff's claims with respect to his classification level, confinement at the Elmore Correctional Facility, work release placement and access to rehabilitative

exaggerated account of the events surrounding this incident and the injuries the Plaintiff claims he sustained because of it.

First, the wall did not fall on top of the Plaintiff as alleged. (See Perkins' Affidavit)  Instead, the partition leaned over and collapsed onto another partition located a few feet away.  (See Perkins' Affidavit)  This allowed for and created space from which the Plaintiff could escape from under the leaning partition.  (See Perkins' Affidavit)  This account is substantiated by the Plaintiff himself who reportedly advised the nurse shortly after the incident occurred that a "Brick wall fell on my wrist while [I] was working in the laundry."  (See Body Chart attached to Perkins' Affidavit)

Secondly, the Plaintiff did not, as alleged, sustain fractures to his arms and back. Instead, the physical exam reveals that the Plaintiff's injuries were minimal and limited to a swollen right hand, abrasions to three fingers and sensation in his right hand and arm. (See Body Chart attached to Perkins' Affidavit)  Significantly, the body chart taken within two hours of the incident is devoid of any reference to the Plaintiff having fractured his arms or his back.  (See Body Chart attached to Perkins' Affidavit)  There is in fact nothing on the body chart to suggest that the Plaintiff's back suffered even the most minor sort of injury in this incident.

Thirdly, the area where the partition in question is located is not considered a work area.  (See Perkins' Affidavit)  Nevertheless, admittedly knowing that this partition was unstable, (See Complaint) the Plaintiff still voluntarily chose to place himself near it at the time of his injury while trying to find a spot to hang his coat.

---

programs were dismissed with prejudice.

Finally, Defendant Perkins flatly denies that he had been previously warned that the partition was capable of collapsing as alleged. He further denies that he was allegedly informed several times that the partition was a trap for inmates.

## ARGUMENT

Prison work assignments are considered conditions of confinement subject to scrutiny under the Eighth Amendment. Lee v. Sikes, 870 F.Supp 1096 (S.D. GA 1994), citing Choate v. Lockhart, 7 F.3d 1370, 1373 (8th Cir. 1993). To establish an Eighth Amendment violation based on prison workplace safety, a plaintiff must show deliberate indifference. Id.

A prison official may be held liable under the Eighth Amendment for acting with "deliberate indifference" to inmate health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. Hale v. Perkins, 2007 WL 841662 (M.D. Ala) March 16, 2007, citing Farmer v. Brennan, 511 U.S. 825 (1994). Under this standard, to survive summary judgment on this claim, the Plaintiff must produce sufficient evidence of (1) a substantial risk of serious harm; (2) the Defendant's deliberate indifference to that risk; and (3) causation. See LaMarca v. Turner, 995 F.2d 1526, 1535 (11th Cir. 1983); Davidson v. Cannon, 474 U.S. 344 (1986). Here the Plaintiff dismally fails to meet his burden of production in all respects.

Prison officials must have been deliberately indifferent to a known danger before it can be said that their failure to act offended "evolving standards of decency," thereby rising to the level of a constitutional tort. Estelle v. Gamble, 429 U.S. 907, 105-06 (1976); Hopkins v. Britton, 742 F.2d 1308, 1310 (11th Cir. 1984). The known risk of

injury must be "a strong likelihood, rather than a mere possibility" before a prison officer's failure to act can constitute deliberate indifference.  Edwards v. Gilbert, 867 F.2d 1271, 1276 (11th Cir. 1989).

Furthermore to prevail against a defendant, the Plaintiff must show that the Defendant was involved in acts or omissions that resulted in the constitutional deprivation.  Hale v. Tallapoosa County, 50 F.3d 1579 (11th Cir. 1995).  The language of §1983 plainly requires proof of an affirmative causal connection between the actions taken by a defendant and the constitutional deprivation.  Swint v. City of Wadley, Ala., 51 F.3d 988, 990 (11th Cir. 1995).  It was the Plaintiff, not the Defendant, who placed the Plaintiff in a position of possible peril. Obviously the Plaintiff's danger with respect to the wall was not as obvious or grave as the Plaintiff now claims or he would not have voluntarily placed himself near it.

Defendant Perkins contends that summary judgment is proper here because there is no genuine issue of material fact as to deliberate indifference.  The wall near the laundry work area was not in a work area.  Furthermore, the Plaintiff acknowledges knowing about the wall's less than pristine condition yet still chose to find a place near it to hang his coat. Moreover, the Plaintiff's documented injuries are minor at best. Defendant Perkins' alleged conduct simply does not even rise to the level of negligence much less the level of deliberate indifference.

The Plaintiff's allegation of deliberate indifference to prisoner safety rests solely on his flimsy and unsubstantiated claim that he had previously warned Perkins about this partition.  The Plaintiff has produced no evidence about this or the alleged incident other than his own conclusory allegations, which cannot withstand a motion for summary

judgment.  See Larken v. Perkins, 22 Fed.Appx. 114, *1 (4th Cir. October 29, 2001) (noting that the district court properly found a party's "own self-serving affidavit[s] containing conclusory assertions and unsubstantiated speculation" insufficient to stave off summary judgment.) Parker v Woods, 2006 WL 3421251 (M.D. Ala.).

In deciding what constitutes deliberate indifference, mere negligence or inadvertence is insufficient.  Choate v Lockhart, Supra, 1374 (8th Cir. 1993) (citing Wilson v Seiter, 501 U.S. 294, 305, 111 S.Ct. 2321, 2327, 115 L.Ed.2d 271 (1991)). Rather, in the work assignment or workplace safety context, prison officials are deliberately indifferent when they "knowingly compel convicts to perform physical labor which is beyond their strength, or which constitutes a danger to their lives or health, or which is unduly painful." Ray v Mabry, 556 F.2d 881, 882 (8th Cir. 1977).  Such was not the case here.

An Eighth Circuit opinion is particularly instructive in this regard.  In Warren v. State of Mo., an inmate suffered a broken wrist when a board kicked back from the table saw he was operating in the prison's furniture factory.  Lee v. Sikes, Supra citing Warren v. State of Mo., 995 F.2d 130 (8th Cir. 1993).  The inmate brought an action under §1983 alleging that the defendants violated his Eighth Amendment rights by failing to equip the saw with "anti-kickback fingers" despite knowledge of similar prior injuries.  Id. at 130. There the Court held that "even assuming that one or more defendants had knowledge of the allegedly similar prior accidents . . . this showing falls far short of creating a genuine issue of deliberate indifference to a serious issue of workplace safety." Id. at 131.

Even if the Court were to assume arguendo that Perkins was negligent in the manner in which the Plaintiff alleged, mere negligence is insufficient to violate the

Constitution.  *See generally* Estelle v. Gamble, 429 U.S. 97 (1976) and Davidson v. Cannon, 474 U.S. 3434 (1986).  Accordingly, Defendant's motion for summary judgment should be granted as to the Plaintiff's Eighth Amendment workplace safety claim.

## I.    Defendant Perkins is immune from suit.

This case should also be dismissed because Defendant Perkins is immune from suit.  The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state."  The Amendment therefore not only bars suits against a state by citizens of another state, but also bars suits against a state by that state's own citizenry.  *See* Edelman v. Jordan, 415 U.S. 651, 663, 94 S. Ct. 1347, 1355 (1974) and Hans v. Louisiana, 134 U.S. 1, 13-15, 10 S. Ct. 504, 33 L.Ed. 842 (1890).  The Eleventh Amendment also prohibits suit against state officials and employees where the state is the real, substantial party in interest.  *See* Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 101-02, 104 S. Ct. 900, 908-09, 79 L.Ed.2d 67 (1984).  "For example, if a lawsuit seeks to order the state officer to pay funds directly from the state treasury for the wrongful acts of the state, then the state is the real party in interest and the Eleventh Amendment bars the suit."  Summit Medical Associates, P.C. v. Pryor, 180 F.3d 1326, 1336 (11th Cir. 1999). This suit is in reality a suit against the State; thus, Defendant Perkins should be dismissed based on immunity.

In addition, Defendant Perkins is protected by qualified immunity.  As stated by the Eleventh Circuit, "[q]ualified immunity protects government officials from civil trials

and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'"  Wilson v. Blankenship, 163 F.3d 1284, 1288 (11th Cir. 1998) (quoting Lassiter v. Alabama A & M Univ. Bd. of Trustees, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc)). Wilson, supra (holding that the marshal, wardens, and corrections officer were protected by qualified immunity); see also Pinkney v. Davis, 952 F. Supp. 1561 (M.D. Ala. 1997) (holding that wardens, deputy warden, and other prison officials were entitled to qualified immunity).  The Eleventh Circuit has held that "[p]rison officials have 'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'"  Wilson, 163 F.3d at 1295, quoting Bell v. Wolfish, 441 U.S. 520, 547, 99 S.Ct. 1861, 1878 (1979).   Defendant Perkins has not violated the Plaintiff's clearly established rights; thus, Defendant is entitled to qualified immunity.

## CONCLUSION

There are no genuine issues of material fact, and Defendant Perkins is entitled to judgment as a matter of law.  Therefore, Defendant Perkins respectfully requests that this Honorable Court dismiss the claim against him.

Respectfully submitted,

TROY KING (KIN047)
Attorney General

  /s/  MARY GOLDTHWAITE
Mary Goldthwaite (013)
Assistant Attorney General

ADDRESS OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300
(334) 242-2433 (fax)

### CERTIFICATE OF SERVICE

I hereby certify that I have, this the 3rd day of April, 2007, served a copy of the foregoing upon the Plaintiff by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Eric Evans, #249159
Elmore Correctional Facility
PO Box 8
Elmore, AL  36025

/s/  MARY GOLDTHWAITE
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ERIC DEMETRIUS EVANS, #249159,                  :
                                                :
   Plaintiff,                                    :
                                                :
     v.                                          : Civil Action No. 2:07-CV-100-WHA
                                                :
RALPH PERKINS, et al.,                          :
                                                :
Defendants.                                     :

### AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for the State of Alabama at

Large, personally appeared Ralph Perkins, who being known to me and being by me first

duly sworn, deposes and says:

My name is Ralph Perkins. I am employed with the Alabama Department of Corrections as

a Laundry Manager II at Elmore Correctional Facility in Elmore, Alabama. I am over twenty-one

(21) years of age.

It is true that a concrete partition collapsed in the Elmore Regional Laundry on January 25,

2007. It is true that inmate Evans was in the area of the laundry where the partition is located at the

time it collapsed. The area where the partition is located is not considered a work area for the

inmates. The area is used to store inmates' soiled clothing until they can be processed. Inmate

Evans was in that area trying to find a place to hang his coat.

It is also true that inmate Evans was injured, but not to the extent he describes in his

complaint. The incident report attached to this affidavit describes the event and the extent of

inmate Evans' injuries. I hereby certify Incident Report ECC 07-197 to be a true and correct copy

of a document on file in inmate Evans' institutional file.

1



It is not true that I had been previously warned that the partition was capable of collapsing. The partition did not completely fall, but instead leaned over onto another partition located approximately four (4) feet away. Inmate Evans was able to escape from under the leaning partition.

I deny that the partition fell on top of inmate Evans. I deny that inmate Evans received fractures to both of his arms and back. I deny that I was informed several times that the partition was a trap for inmates and therefore showed a reckless neglect.

RALPH PERKINS

STATE OF ALABAMA:

COUNTY OF ELMORE:

Sworn to and subscribed before me and given under my hand and official seal on this the 22nd day of February, 2007.

NOTARY PUBLIC

My Commission expires February 5, 2011

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

# INCIDENT REPORT

| 1. Institution: Elmore Correctional Center | 2. Date: January 25, 2007 | 3. Time: 1:30pm | 4. Incident Number: ECC 07-197 | Class Code: |
|---|---|---|---|---|
| 5. Location Where Incident Occurred: Elmore Regional Laundry | | 6. Type of Incident: Alleged Inmate Injury | | |
| 7. Time Incident Reported: Approximately 1:35pm | | 8. Who Received Report: Sergeant Tanya Arrington | | |

9. Victims: Name / AIS
a. Eric Evans    No. B/ 249159
b.    No.
c.    No.

| 10. Suspects: Name | AIS | 11. Witnesses: Name | AIS |
|---|---|---|---|
| a. N/A | | a. N/A | |
| b. | | b. | |
| c. | | c. | |
| d. | | d. | |
| e. | | e. | |
| f. | | f. | |
| | | g. | |

PHYSICAL EVIDENCE:
12. Type of Evidence
a. N/A

13. Description of Evidence:
a. N/A

14. Chain of Evidence:
a. N/A

15. Narrative Summary:
At approximately 1:30pm on January 25, 2007 Mr. Charles J. Williams heard a loud noise in the laundry. Mr. Williams turned around and observed that a cinderblock petition had fallen. Mr. Williams went to the area and observed inmate Eric Evans B/ 249159 under the cinderblock petition. Inmate Evans stated that he was placing his (inmate Evans) jacket on the wall when it fell. Mr. Charles J. Williams, Laundry Manager I, notified the shift supervisor, Sergeant Tanya Arrington, of the incident at approximately 1:35pm. Inmate Evans was sent to Elmore Correctional Center's backgate and then sent to Staton Health Care Unit at approximately 1:45pm. (See attached body chart for extent of injuries). Inmate returned and remains in Elmore Correctional Center's general population.

Charles J. Williams, Laundry Manager I

| Distribution: | ORIGINAL AND ONE (1) COPY to Central I & I Division | COPY to Deputy Commissioner of Operations (Class A and B ONLY) |
|---|---|---|
| | COPY to Institutional File | COPY to Central Records Office |

ADOC Form 302-A – June 1, 2005