IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ERIC DEMETRIUS EVANS, # 249159,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | CIVIL ACTION NO. 2:07cv100-MEF |
| ) | (WO) |
| ) | |
| RALPH PERKINS, *et al.*,   ) | |
| ) | |
| Defendants.   ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, the inmate plaintiff, Eric Demetrius Evans ("Evans"), complains that defendant Ralph Perkins violated his rights secured by the Eighth Amendment by failing to ensure that a brick wall was repaired before it fell on him. According to Evans, he hurt his wrist and his back when a concrete brick wall fell on him. Evans "contend (sic) that the defendant Perkins has been warned several times of this trape (sic) for inmates but Defendant Perkins only showed a reckless neglect for the problems." (*Id.*). Evans seeks compensatory and punitive damages.

Pursuant to the orders of this court, the defendant filed a written special report and supporting evidentiary material addressing the plaintiff's claim. In accordance with the order entered on May 16, 2007 (doc. # 33), the court deems it appropriate to treat the defendant's special report as a motion for summary judgment. The plaintiff was provided an opportunity to respond to the motion and has done so. Upon consideration of the motion, pleadings, responses and evidentiary material filed in support of and in opposition to the motion, the

court concludes that the motion for summary judgment is due to be granted.

## FACTS[1]

Evans was incarcerated at the Elmore Correctional Facility where he worked in the laundry. Defendant Ralph Perkins is one of the managers at the laundry. Evans was injured on January 25, 2007, when a concrete brick wall fell and struck him on his wrist. Evans was placing his jacket on the wall when it collapsed.

The laundry manager on duty, Charles Williams, arranged for Evans to be taken to Staton Health Care unit. Evans' right hand was swollen and he had abrasions on his middle finger. He was treated and returned to the Elmore County Correctional Facility.

Evans filed this action on February 1, 2007.

## STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation omitted); FED.R.CIV.P. 56(c) (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to

---

[1] The court construes the facts in a light most favorable to the non-movant, the plaintiff in this case. *See, e.g. Brown v. Crawford*, 906 F.2d 667 (11th Cir. 1990).

judgment as a matter of law.").[2] The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

Once the defendant has met his evidentiary burden and demonstrated the absence of a genuine issue of material fact with respect to the plaintiff's claim, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine issue material to his case exists. *Clark v. Coats and Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; FED.R.CIV.P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial."). A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

---

[2] Effective December 1, 2007, "[t]he language of Rule 56 [was] amended ... to make the rule[] more easily understood and to make style and terminology consistent throughout the rules. These changes ... are stylistic only." FED.R.CIV.P. 56 Advisory Committee Notes. Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior rule remain equally applicable to the current rule.

3

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact. *Beard v. Banks*, 548 U.S. 521, 525 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Evans fails to demonstrate a requisite genuine issue of material fact in order to preclude summary judgment. *Matsushita*, *supra*.

## DISCUSSION

Evans complains that defendant Perkins was deliberately indifferent to his health and safety because Perkins did not "fix the wall when warn (sic) on numberous (sic) occasions," about the danger of the wall collapsing. (Pl's Opp. to Def's Spec. Rep., Ex. A at 2). A prison official may be held liable under the eighth amendment for acting with "deliberate indifference" to inmate health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825 (1994). Under this standard, to survive summary judgment on this claim, the plaintiff must produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendant's deliberate indifference to that risk; and (3) causation. *See LaMarca v. Turner*, 995 F.2d 1526, 1535 (11th Cir. 1993). Mere negligent failure to protect an inmate from injury does not justify liability under section 1983. *Davidson v. Cannon*, 474 U.S. 344 (1986). Prison officials must have been deliberately indifferent to a

4

known danger before it can be said that their failure to act offended "evolving standards of decency," thereby rising to the level of a constitutional tort. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976); *Hopkins v. Britton*, 742 F.2d 1308, 1310 (11th Cir. 1984). The known risk of injury must be "'a strong likelihood, rather than a mere possibility'" before a prison officer's failure to act can constitute deliberate indifference. *Edwards v. Gilbert*, 867 F.2d 1271, 1276 (11th Cir. 1989).

This case is before the court on Perkins' motion for summary judgment in which he denies that he had been previously advised that the wall was in danger of collapsing. (Def's Spec. Rep., Ex. A at 2). In his response, Evans asserts that Perkins was told by laundry managers Williams and Summerlin "to fix the wall before it fall on someone..." (Pl's Opp. to Def's Spec. Rep., Ex. A at 1-2). The obvious difficulty with this assertion is that Evans doesn't say how he knows what Perkins was allegedly told, and this failure on his part means that the court cannot consider it in support of his opposition to the motion for summary judgment. *See* FED.R.CIV.P. 56(e)(1) (Requiring that an opposing affidavit "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated . . . "). Evans' assertions in his affidavit that Perkins was told to fix the wall are simply hearsay, and thus, do not comply with FED. R. CIV. P. 56.

To prevail against a defendant, Evans must show that the defendant was involved in acts or omissions that resulted in the constitutional deprivation. *Hale v. Tallapoosa County*, 50 F.3d 1579 (11th Cir. 1995). The language of § 1983 plainly requires proof of an

5

affirmative causal connection between the actions taken by a defendant and the constitutional deprivation. *Swint v. City of Wadley, Ala.*, 51 F.3d 988, 990 (11th Cir. 1995). The undisputed evidence demonstrates that Perkins was not present in the laundry when Evans injured his hand. Thus, Evans has failed to present any admissible evidence that Perkins was involved in the incident that resulted in the alleged constitutional violation. *See* FED. R. CIV. P. 56(e).

More importantly, however, Evans has failed to produce any evidence which would establish that Perkins was deliberately indifferent to his safety.[3] Even assuming Perkins at some point knew that Evans was going to hang his coat on the concrete wall, Evans has failed to come forward with any evidence that Perkins knew that the wall would fall and injure Evans. Simply put, Evans has presented no evidence that Perkins knew Evans faced as a substantial risk of serious harm and disregarded that risk. *Farmer, supra.*

When a motion for summary judgment has been made properly, the nonmoving party may not rely solely on the pleadings, but by affidavits, depositions, answers to interrogatories, and admissions must show that there are specific facts demonstrating that there is a genuine issue for trial. *See Brown*, *supra* (a pro se litigant's allegation of contaminated drinking water was found unsubstantiated and completely speculative because the litigant failed to submit a doctor's diagnosis for any medical examination evidence supporting those allegations.). A plaintiff's mere verification of conclusory allegations is not sufficient to oppose a motion for summary judgment. *Harris v. Ostrout,* 65 F.3d 912 (11th

---

[3] Even if the court were to assume that Perkins was negligent because he allowed Evans to be in the area of the concrete wall, mere negligence is insufficient to violate the Constitution. *See generally Estelle v. Gamble*, 429 U.S. 97 (1976) and *Davidson v. Cannon*, 474 U.S. 344 (1986).

Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). The mere fact that the wall fell and Evans was injured is insufficient to establish a constitutional violation. In the final analysis, the plaintiff has failed to show that he was at any risk of serious harm or that Perkins knew that he faced a substantial risk of serious harm. In the absence of such a showing by the plaintiff, it is clear that the plaintiff has failed to establish a genuine issue about deliberate indifference on the part of Perkins. *Brown,* 906 F.2d at 670. Summary judgment is therefore due to be granted in his favor. *Celotex,* 477 U.S. at 322-23.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendant's motion for summary judgment be GRANTED.

2. This case be dismissed without prejudice.

3. The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **October 22, 2008.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

7

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 9th day of October 2008.

       /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE